**Norma Kay HUBBARD, Individually and on behalf of all plaintiffs similarly situated, Plaintiff,**

**v.**

**UNITED AIRLINES, INC. a Delaware corporation, Pacific Insurance Company, Ltd.; a Hawaii corporation, The Hartford Life and Accident Insurance Company, Inc., a Connecticut corporation, John Does 1–20, Does 1–20, Doe Corporations 1–20, Doe Partnerships 1–20 and Doe Entities 1–20, Defendants.**

**Civ. No. 89–00671 DAE.**

United States District Court,
D. Hawaii.

Dec. 13, 1989.

which relief can be granted by this court; and Fed.R.Civ.P. 9(b) for failing to plead with particularity the fraud claim embodied in Count I of the complaint, and the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO") claim in Count II of the complaint. Defendant United has also filed a joinder in Pacific and Hartford's motion to dismiss.

The court heard argument with respect to this matter on December 11, 1989. Kurt A. Gronau, Esq. appeared on behalf of plaintiff Hubbard; Richard M. Rand, Esq. and Sabrina R. Toma, Esq. appeared on behalf of defendant United; and Ronald D. Libkuman, Esq. and Diane W. Wong, Esq. appeared on behalf of defendants Pacific and Hartford. For the reasons set forth below, the court grants defendants' respective motions for dismissal.

Kurt A. Gronau, Honolulu, Hawaii, Stephen E. Goldsmith, Wailuku, Hawaii, for plaintiff.

Ronald Libkuman, Libkuman, Ventura Ayabe Chong & Nishimoto, Richard Rand, Torkildson Katz Jossem Fonseca Jaffe & Moore, Honolulu, Hawaii, for defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

DAVID A. EZRA, District Judge.

Defendant United Airlines, Inc. ("United") has moved this court to dismiss Counts I, II and IV through VII of plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted by this court.[1] Defendants Pacific Insurance Company, Ltd. and The Hartford Life and Accident Insurance Company, Inc. ("Pacific" and "Hartford") have moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction; Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon

### BACKGROUND

On August 25, 1989, plaintiff filed her complaint against defendants in this matter, alleging that the defendants had engaged in fraud (Count I); violated RICO (Count II); engaged in "unfair claims practices" (Count III); breached an implied covenant of good faith and fair dealing (Count IV); converted plaintiff's property (Count V); negligently inflicted emotional distress (Count VI); and intentionally breached a contract (Count VII). All of plaintiff's counts seeking relief and damages emanate from defendants' allegedly systematic underpayment of workers' compensation benefits to flight attendants such as herself.

The question which must first be addressed is whether plaintiff's claims are preempted by the Railway Labor Act ("RLA"). If no preemption exists, then the court must determine whether plaintiff has sufficiently plead her fraud and RICO claims as required by the appropriate provisions of the Federal Rules of Civil Procedure and statute.

---

1. Technically, United has moved to dismiss counts I through VII. However, count III is not applicable to United and United's memorandum in support of its motion is directed to the proper counts.

## DISCUSSION

*RLA Preemption*

Plaintiff complains that she has not received the proper amount of workers' compensation benefits she is entitled to under the collective bargaining agreement ("CBA"). All of the counts in the complaint are directed to this alleged failure of defendants to provide to plaintiff the compensation which she asserts she is entitled.

This alleged obligation to pay additional benefits under the worker's compensation act arises under Section 29(A)(1) of the CBA. That section reads as follows:

### Section 29

### Worker's Compensation Benefits

A. Worker's Compensation Benefits shall be provided by the Company for all flight attendants as follows:

1. Overwater flight attendant Worker's Compensation shall be in the amounts equal to those prescribed by the Federal Longshoremen's and Harbor Worker's Compensation Act, as amended, or the Worker's Compensation Law of the States of California or Illinois, whichever Act provides the higher benefits.

Defendants all but concede that they have not paid benefits to plaintiff commensurate with the Longshoremen's and Harbor Workers' Compensation Act, which provides benefits that are higher than those under the workers' compensation law of the states of California, Illinois or Hawaii. What defendants dispute is this court's jurisdiction to address plaintiff's complaint. The defendants contend plaintiff must proceed by arbitration under the RLA. Defendants admit that plaintiff has an arbitrable claim, and plaintiff does not suggest that she is legally or otherwise precluded from prosecuting her core claims through arbitration.

█ The RLA by its express terms applies to disputes between air carriers and their employees. 45 U.S.C. §§ 181, 182, 184. For matters involving "minor disputes," the RLA provides mandatory grievance and arbitration procedures. While such minor disputes are not subject to the exercise of federal court jurisdiction, major disputes are. *International Assoc. of Machinists and Aerospace Workers, AFL–CIO v. Aloha Airlines*, 776 F.2d 812, 815 (9th Cir.1985) [hereinafter *Aloha Airlines*].

Whether this dispute is properly classified as a major or a minor dispute in the context of the RLA is an important dispositive issue in this action. In *Aloha Airlines*, the Ninth Circuit provided the following test:

Minor disputes concern the interpretation or application of collective bargaining agreements and are resolved through binding arbitration before the System Board of Adjustment. *Federal courts have no jurisdiction to resolve minor disputes.* Major disputes, on the other hand, concern the formation of collective bargaining agreements or efforts to secure new rights and incorporate them into future agreements. (Citations omitted, emphasis added.)

*Id.*

Applying this test to the facts present here, this court must conclude that the gravamen of plaintiff's complaint constitutes a minor dispute as defined in this circuit. Clearly any questions concerning the obligation to pay benefits under the CBA are matters of interpretation and application of the CBA, and must be submitted to the grievance and arbitration procedure in accordance with the CBA. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985); *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972).

█ Plaintiff, as a United flight attendant, was covered by the CBA entered into by United and plaintiff's representative, the Association of Flight Attendants (AFA). Plaintiff seeks a remedy based upon United's contractual obligation as embodied in the CBA, not a remedy based upon an independent statutory or common law ground. When a claim is "inextricably intertwined with the grievance machinery of the collective bargaining agreement and of the [RLA]," the claim is a minor dispute

and preempted by the RLA. *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367, 1369 (9th Cir.1978). Here it is illogical to attempt to separate the underlying nature of plaintiff's claim from the grievance procedure, for the denial or underpayment of benefits under the CBA is certainly an item upon which a grievance may be filed.

■ This court finds persuasive the Northern District of Illinois' decision in *Brown v. Keystone Consolidated Industries, Inc.*, 680 F.Supp. 1212 (N.D.Ill.1988). In that case, the court analyzed a RICO count in the context of a collective bargaining agreement and found that "the underlying conduct which forms a nucleus of the plaintiffs' RICO claim is that the defendants have fraudulently deprived them of their employment benefits, which ... requires us to analyze the terms of the CBA, pension agreement and shutdown agreement." *Id.* at 1224. The court concluded that because interpretation of the CBA was required, the RICO claim, and all of the state claims arising under the court's pendent jurisdiction, were preempted by the National Labor Relations Act.

In the instant case, plaintiff does not appear to contest defendants' assertions that her pendent state law claims are preempted by the RLA. Instead she relies upon *Atchison, Topeka and Santa Fe Railway v. Buell*, 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987) to support federal jurisdiction based upon her RICO count, acknowledging in argument on this motion that the resolution of the preemption issue with respect to the RICO count is dispositive of the preemption issue with respect to the remaining counts. Plaintiff's reliance upon *Buell*, however, is misplaced.

The Court in *Buell* stated that it had, "on numerous occasions, declined to hold that individual employees are, because of the availability of arbitration, barred from bringing claims under federal statutes." *Buell*, 107 S.Ct. at 1415 (citations omitted). The Court continues that "notwithstanding the strong policies encouraging arbitration, 'different considerations apply where the employee's claim is based on rights arising

out of a statute designed to provide minimum substantive guarantees to individual workers.'" *Id.* (quoting *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 737, 101 S.Ct. 1437, 1443, 67 L.Ed.2d 641 (1981). In order to find *Buell* dispositive of the issue here, this court must find that the RICO Act, like the Federal Employee's Liability Act ("FELA") addressed in *Buell* was "designed to provide minimum substantive guarantees to individual workers." *Id.* This court does not accept plaintiff's argument embodied in her reliance on *Buell* that the RICO Act is that type of statute. In *Buell*, the acts complained of were covered by a statute that was specifically designed to protect employees, the FELA. The Court in *Buell* explicitly relied on that fact to find that the statute was not preempted by the RLA.

In the instant action, plaintiff has not brought her claims under a statute specifically designed to protect workers, but under a statute, RICO, that has a wide variety of applications and in this case is based upon the alleged failure of United to live up to its obligations under the CBA. As the court in *Buell* noted, Congress intended "[t]he RLA dispute mechanism to be mandatory for that type of dispute." *Id.*, 107 S.Ct. at 1416.

Plaintiff cites an additional group of cases in which various courts found that the RLA did not preempt particular statutes. However, in reviewing those decisions, it is clear that each case can be factually distinguished from the instant action in that they involved either statutes which were specifically designed to provide guarantees to employees that did not require interpretation of the CBA, or involved union violence which was wholly unrelated to the application or interpretation of the CBA. These cases are likewise inapplicable to the instant action.

Accordingly, the court finds that plaintiff's action is preempted by the RLA and therefore dismisses the action under Fed.R. Civ.P. 12(b)(1) and 12(b)(6). It is unnecessary for the court to consider the alternative grounds raised by the defendants as bases for dismissal. This court finds that

plaintiff's proper forum for redress of her alleged claims lies in arbitration which all parties have acknowledged is available under the terms of the CBA.

## CONCLUSION

For the reasons set forth above, the court GRANTS defendants' respective motions to dismiss plaintiff's complaint.

IT IS SO ORDERED.